**STATE of Missouri, Plaintiff–Respondent,**

v.

**David G. PHELPS, Defendant–Appellant.**

**No. 26626.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 29, 2005.

Nancy A. McKerrow, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Karen L. Kramer, Assistant Attorney General, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

David G. Phelps ("Appellant") was charged with the class B felony of assault in the first degree, pursuant to Section 565.050.[1] After a trial by jury, he was convicted and sentenced to eight years imprisonment. We affirm the finding of guilt and sentence, but remand for a correction in the trial court's "Sentence and Judgment."

The facts of this case are not at issue on appeal and require only a brief recitation. On the late evening of January 9 and early morning of January 10, 2003, Steven Vignolo ("Vignolo") was playing in a pool tournament at the Eagles' Lodge in Nevada, Missouri. Appellant was on the opposing team at the tournament. At some point in the evening, Appellant made comments towards Vignolo and called him names. Vignolo told him that he did not want to talk to him, turned away, and Appellant punched him in the nose. Vignolo got up and went to the bathroom and tried to clean himself up while several people, including Appellant, went outside. Appellant then came back in and went to the bathroom with one of his teammates. Several people then heard noises coming from the bathroom, and a teammate of Vignolo's, Thomas Easley ("Easley") ran toward the bathroom and saw Appellant's teammates holding the door closed. Easley then knocked these people away from the door and opened it to find blood all over the bathroom floor, Vignolo lying face down on the floor, and Appellant kicking on the back of Vignolo's head. Easley and Appellant fought for a moment, and Appellant then left the lodge before the police arrived.

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

Vignolo was taken by an ambulance to the Nevada Regional Medical Center where he received treatment for a broken nose and a cut under his left eye. It was also suspected that he might have a brain injury because of his confused and combative behavior.

■ Appellant presents one point on appeal. He claims that the trial court plainly erred in admitting State's Exhibits 2 and 3, which were photographs taken of the Eagles' Lodge bathroom and of Vignolo at the hospital, because the photographs did not tend to prove any material issue and the prejudicial effect of the photographs outweighed their probative value. Appellant acknowledges that he is seeking plain error review as he failed to object to the admission of the photos at trial, though he raised the issue in his motion for new trial. The State contends that Appellant waived his right to plain error review.

■ We agree with the State that Appellant waived his right to plain error review. The transcript clearly indicates that when the State offered Exhibits 2 and 3, Appellant's attorney's reply was "No objection." "When a party affirmatively states that it has no objection to evidence an opposing party is attempting to introduce, for instance, plain error review is unavailable." *State v. Mead,* 105 S.W.3d 552, 556 (Mo.App. W.D.2003).[2] Appellant contends that his attorney's statement during trial was the product of negligence or inadvertence, which can be inferred from his counsel's including it in his motion for

new trial. He contends that we should not deny him plain error review "due to the ineffectiveness of counsel." Appellant cites *U.S. v. Yu–Leung,* 51 F.3d 1116, 1122 (2nd Cir.1995), for the proposition that failure to object due to oversight by counsel does not waive plain error review. However, that case later states that if "the party consciously refrains from objecting as a tactical matter, then that action constitutes a true 'waiver,' which will negate even plain error review." *Id.* Furthermore, the court in *Mead* reviewed the decision in *Yu–Leung,* and found that this decision comports with general principles and Missouri precedent. 105 S.W.3d at 555–556. We agree with the *Mead* court and hold that Appellant waived his right to plain error review. Appellant's point is denied.

■ We note, however, that the trial court's "Sentence and Judgment" states that Appellant was charged with and found guilty of the "Class B felony of Assault in the 2nd degree." This appears to be in error, as the amended information states that he was charged with assault in the first degree, the verdict directing instruction submitted that offense to the jury, and the verdict form signed by the jury foreperson recited that he was found guilty of that offense. After sentencing, the trial court questioned Appellant regarding the representation by his attorney, and asked, "[Appellant], are you the same [Appellant] that had a trial on February 17th and 18th, 2004, on a Class B felony of assault in the

2. An exception to this rule, not applicable here, has been recognized where the appellant's attorney stated "no objection" to the admission of certain evidence, but had filed a motion to suppress before trial, had renewed that motion prior to trial, and was granted a continuing objection to the admission of the evidence during trial. *State v. Baker,* 103 S.W.3d 711, 715 (Mo. banc 2003). The Missouri Supreme Court held that even though the appellant's counsel affirmatively stated

"no objection" to the admission of the evidence, the trial court and the State both understood that the appellant did not intend to repudiate his continuing objection and the objection was still valid. *Id.* at 716–717. There is nothing in the record to indicate that Appellant filed a motion to suppress or any other motion before trial to prevent the admission of the photos, nor is there any indication that he had a continuing objection to such evidence.

first degree?" It appears to us that a clerical error was made on the "Sentence and Judgment." We therefore remand to the trial court for it to correct the "Sentence and Judgment" to reflect the finding by the jury. *See State v. Taylor,* 123 S.W.3d 924, 931 (Mo.App. S.D.2004); Rule 29.12(c).[3] The finding of guilt by the jury is in all other aspects affirmed.

BATES, C.J., and SHRUM, P.J., concur.

---

**3.** All rule references are to Missouri Rules of Criminal Procedure (2003) unless otherwise

indicated.